IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYRUS SHAW, *Pro Se*,<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br>SUCCESSOR BY MERGER TO BAC<br>HOME LOANS SERVICING, LP f/k/a<br>COUNTRYWIDE HOME LOANS<br>SERVICING, LP  and MCCURDY &<br>CANDLER, LLC<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (hereinafter, "BANA"),[1] by and through counsel, hereby removes this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.  Removal is based on diversity jurisdiction because Plaintiff and BANA have complete diversity of citizenship, McCurdy & Candler,

---

[1]   On July 1, 2011, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP merged with and into BANA.  Thus, BANA responds as the successor to the named entity.

LLC ("McCurdy") is fraudulently joined and is a nominal defendant, and the amount in controversy exceeds $75,000.00.  In support of this Notice, BANA states as follows:

## I.     Background

1.     This is Plaintiff's *__third__* lawsuit against BANA involving the same property and loan and alleging similar allegations regarding BANA's purported wrongful attempted foreclosure.  Specifically, on April 21, 2011, Plaintiff filed a "Complaint to Quiet Title" against "BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP in the Superior Court of Fulton County, Georgia (Case No.: 2011 CV 199520) ("Shaw I").  The matter was removed to the Northern District of Georgia on May 23, 2011 by BAC Home Loans Servicing, LP.  Plaintiff voluntarily dismissed Shaw I on August 1, 2011.

2.     On September 20, 2011, Plaintiff filed a "Complaint for Declaratory Judgment and Quieting Title" against "Bank of America, N.A." in the Superior Court of Fulton County (Case No.: 2011 CV 205944) ("Shaw II").  The matter was removed the Northern District of Georgia on October 20, 2011 by Bank of America, N.A.  On November 15, 2011, the matter was dismissed as a result of an unopposed Motion to Dismiss.

3. On February 21, 2012, Plaintiff filed this case ("Shaw III") in the Superior Court of Fulton County, Georgia. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as Exhibit A.

4. BANA was served on February 28, 2012 by process server. Upon information and belief, McCurdy has been properly served with a copy of the Complaint in Shaw III.

5. Among other things, in his third lawsuit, Plaintiff alleges that BANA wrongfully attempted foreclosure on the property located at 7145 Magnolia Lane, Fairburn GA  30213, seeks declaratory relief, and alleges conspiracy to commit fraud.  Compl. ¶ Cause of Action 1, 2, 3.  Plaintiff seeks an injunction preventing foreclosure proceedings as well as $1,000,000.00 in punitive damages and attorney's fees.  Compl. Prayer for Relief.

**II.   This Notice of Removal is Timely Filed in the Proper Venue.**

6. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

7. The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days after February 28, 2012, which is the date of first receipt by BANA of the Complaint in this action.

8. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III. This Court Has Diversity Jurisdiction

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and BANA have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a) (2010).

10. Plaintiff is a citizen of Georgia, residing in Fulton County, Georgia. Compl. ¶ 1.

11. BANA is a national banking association organized under the laws of the United States and is a citizen of North Carolina. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); See also Hill v. Bank of America Corp., No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

12. The presence of McCurdy, a law firm located in Georgia, does not defeat diversity. McCurdy's citizenship must be disregarded under the doctrine of fraudulent joinder because the Complaint is completely devoid of viable claims for relief against it. See gen. Compl. Fraudulent joinder occurs when there is no possibility the plaintiff can establish a cause of action against the resident defendant. Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 2011 U.S. App. LEXIS 11165, 4-5 (11th Cir. Fla. May 31, 2011).

13. In the case at bar, McCurdy was hired by BANA with the sole purpose of pursuing foreclosure on behalf of BANA based on Plaintiff's default. McCurdy is merely enforcing the loan obligations between Plaintiff and BANA. Accordingly, McCurdy is fraudulently joined to this lawsuit, and its citizenship should be disregarded for diversity purposes. Taylor, 2011 U.S. App. LEXIS 11165 at 4-5; see also, Southern v. Pfizer, Inc., 471 F. Supp. 2d 1207, 1218 (N.D. Ala. 2006) (denying remand when there was "no reasonable basis for supposing that" a state court would impose liability on resident defendants).

14. Furthermore, there is no independent basis for imposition of liability on McCurdy under state law, which renders McCurdy a nominal defendant who does not defeat diversity in this case. Faison v. Wyeth, Inc., 353 F. Supp. 2d

1273, 1276, 2004 U.S. Dist. LEXIS 26421 at *11-12 (2004) citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

15. Therefore, complete diversity of citizenship exists between Plaintiff and BANA.

16. In addition, Plaintiff seeks $1,000,000.00 in punitive damages and attorney's fees. Compl. Prayer for Relief. This amount alone exceeds the amount in controversy requirement. Furthermore, it is well settled that punitive damages are to be included in analyzing whether the amount in controversy requirement is met. See, e.g., Holley Equip. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462 (S.D. Ala. 1993); Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698 (S.D. Miss. 1988). In fact, courts routinely hold that a plaintiff's seeking of punitive damages alone (without any consideration of other damages) meets the jurisdictional amount in controversy to be in Federal court. See, e.g., Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the amount in controversy]. Accordingly, we hold that the face of the complaint supports the assertion of federal jurisprudence."); Napier v. Wal-Mart Stores East, LP, No. 4:04CV0010SEBWGH, 2004 WL 950657 (S.D. Ind. Apr. 26,

2004) (noting that the amount in controversy is met by the seeking of punitive damages alone because the state statute allows punitive damages in the amount required for the amount in controversy); Smith v. Assocs. Capital Bank, No. 1:99CV301-P-A,1999 WL 33537131 (N.D. Miss. Dec. 6, 1999) (stating that "the Plaintiffs' inclusion of a claim for punitive damages in their original Complaint compels the conclusion . . . that the Plaintiffs' claim for punitive damages alone exceeds the requisite amount in controversy."); Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1012 (W.D. Ark. 1996) (similar); cf. Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp. 2d 530 (D.S.C. 1999) (stating that it was court's experience that plaintiff's bar rarely sought less than ten times damages for punitive damages).  Thus, Plaintiff's claim for punitive damages alone demonstrates by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit of this Court.

17.   Further, Plaintiff seeks to enjoin all foreclosure proceedings.  Compl. Prayer for Relief.  Where a party seeks equitable and/or injunctive relief the value of the property determines the amount in controversy for purposes of diversity jurisdiction. See Roper v. Saxon Mort. Servs., Inc., 1:09-cv-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) (citing Waller v. Prof's Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)) (holding that "when the validity of a contract or a

right to property is called into question in its entirety, the value of the property controls the amount in controversy"); see also Crump Ins. Servs. v. All Risks, Ltd., 2011 U.S. Dist. LEXIS 5084, at *5 (N.D. Ga. Jan. 18. 2011). Since Plaintiff's request for the Court to enjoin the foreclosure would prevent BANA from recouping the value of the Property against the outstanding debt owed, there is at least $194,007.40[2] in addition to the $1,000,000.00 in damages demanded.

18. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Fulton County, Georgia, BANA is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

## V. Consent of Defendants

27. This Notice of removal is filed on behalf of BANA and is based upon all properly joined and served parties.

28. The consent of McCurdy is not required because McCurdy was not served and was fraudulently joined. However, McCurdy specifically consents to

---

[2] This figure is based on the following as of March 5, 2012: the principal amount owed, escrow interest/fees, and uncollected fees.

8

this removal through special appearance. McCurdy's Consent to Removal is attached as Exhibit B and is filed with this Notice of Removal.

### VI. Notice of Removal to the Superior Court of Henry County, Georgia

29. Concurrently with this Notice of Removal, BANA will file a copy of this Notice with the Superior Court of Fulton County, Georgia.

WHEREFORE, BANA files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia.

This 29th day of March, 2012.

/s/ Andrew G. Phillips
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773(Facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Cyrus Shaw, *Pro Se*, <br>     Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A. <br> SUCCESSOR BY MERGER TO BAC <br> HOME LOANS SERVICING, LP f/k/a <br> COUNTRYWIDE HOME LOANS <br> SERVICING, LP  and MCCURDY & <br> CANDLER, LLC <br><br>     Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION FILE <br> ) NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on March 29, 2012, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on *Pro Se* Plaintiff via First-Class Mail, postage prepaid, addressed to:

                                 Cyrus Shaw
                              7145 Magnolia Lane
                              Fairburn, GA 30213

2

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                                /s/ Andrew G. Phillips
                                               Andrew G. Phillips